**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-3378-WJM-SKC

BONNIE MONTMENY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO PRECLUDE CERTAIN EXPERT OPINIONS OF ALLISON FALL, M.D.**

---

In this insurance action, Plaintiff Bonnie Montmeny sues Defendant State Farm Mutual Automobile Insurance Company ("State Farm") for breach of her insurance policy, unreasonable delay and/or denial of insurance benefits, and common law bad faith, resulting from her October 23, 2017 motor vehicle accident (the "Accident"). (ECF 5.)

Before the Court is Montmeny's Motion to Preclude Certain Expert Opinions of Allison Fall, M.D. ("Motion"). (ECF No. 35.) State Farm has filed a response to the Motion (ECF No. 40), to which Montmeny replied (ECF No. 41). For the reasons stated below, the Motion is granted in part and denied in part.

## I. BACKGROUND

The Court has previously summarized the facts of this case and incorporates those facts by reference. (*See* ECF No. 53.) Allison Fall, M.D., is a medical expert in this case, retained by State Farm. (ECF No. 40 at 1.) Dr. Fall's curriculum vitae

indicates that she received a Doctor of Medicine degree in 1994, and that she has worked in the field of physical medicine and rehabilitation for at least twenty-three years. (ECF No. 40-1 at 1.)  From 1999–2019, Dr. Fall was board-certified by the American Board of Physical Medicine and Rehabilitation.  (*Id.*)  She has done extensive research in the area of physical rehabilitation.  (*Id.* at 2.)

Dr. Fall's expert report, disclosed to Montmeny according to Federal Rule of Civil Procedure 26, sets out a summary of the facts of the case, a summary of Montmeny's medical records and health history, and Dr. Fall's opinions based on the records she reviewed.  (ECF No. 35-1.)  Montmeny moves to exclude seven of Dr. Fall's statements, namely:

1. "There was no mechanism of injury to cause a facet joint injury of the lumbar spine, which would be more of a hyperextension-based injury." (*Id.* at 4.)

2. "Given that [Montmeny] was restrained and seated in a seat, and the seat did not break nor did the seatbelt, there would be no mechanism of injury to cause hyperextension or injury to the lumbar facet joints."  (*Id.*)

3. In response to a question from State Farm as to what injuries were diagnosed and documented in the records, Dr. Fall opined, "The medical records discuss numerous conditions and injuries; however, this is not consistent with the mechanism of injury of being rear-ended such as the right ankle and lumbar facet issues."  (*Id.* at 5.)

4*.* Absent the seat breaking or other extenuating circumstances, due to a lack of the lumbar spine hyperextending, rear-end car accidents do not

2

        cause injury to the lumbar facet joints.  (ECF No. 35-2 at 16:15–24.)

5. Absent hyperextension of the lumbar spine, people do not injure lumbar facet joints because there's no mechanism that would cause damage to those joints.  (ECF No. 35 at 2.)

6. Lumbar injuries are "quite rare in rear-end accident[s] because of the seat and the restraint and the lack of movement in that area."  (ECF No. 35-2 at 18:24–19:4.)

7. "[T]he scientific basis is that forward motion does not place any stress upon the facet joints.  Sitting straight upright does not place excess stress on the facet joints.  Leaning back minimally or having a cushion of a back seat behind you does not place any stress on the facet joints.  So there's no potential mechanism, out of ordinary sitting, that's applied to the facet joints when one is rear-ended in these types of circumstances."  (*Id.* at 20:7–19.)

Montmeny moves to exclude the statements on the bases that (1) Dr. Fall is not qualified to offer these opinions (ECF No. 35 at 4–6) and (2) the opinions are not reliable (*id.* at 6–10).

## II. LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert testimony.  *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005).  Expert opinion testimony is admissible if it is relevant and reliable.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993).  The opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue."

Fed. R. Evid. 702. They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) her opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods." *Id.* The proponent of expert testimony has the burden to show that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

### III. ANALYSIS

Montmeny argues that Dr. Fall is not qualified to offer the above-referenced opinions because of her "lack of expertise in occupant movements and injury causation." (ECF No. 35 at 5.) State Farm argues that Dr. Fall's opinions are within her expertise, pointing to her experience working in an outpatient practice involving motor vehicle accident injuries. (ECF No. 40 at 3.)

The Court finds that the challenged statements fall into two distinct categories. Statements 1–4 and 6–7 reflect Dr. Fall's opinion that rear-end car accidents do not cause injuries to the lumbar facet joints because there would be no mechanism of injury. But statement 5, as characterized by Montmeny, reflects a more general medical opinion that people do not injure their lumbar facet joints absent hyperextension of the lumbar spine. The Court considers each category separately.

**A.    Rear-end Accidents Don't Cause Injuries to the Lumbar Facet Joints**

Dr. Fall's first challenged opinion is that there was no mechanism of injury to cause injury to Montmeny's lumbar facet joints because of the nature the Accident and the nature of rear-end accidents in general. In her report, Dr. Fall states: "Given that [Montmeny] was restrained and seated in a seat, and the seat did not break nor did the seatbelt, there would be no mechanism of injury to cause hyperextension or injury to the lumbar facet joints." (ECF No. 35-1 at 4.) The Court finds that Dr. Fall's opinion is

4

based on her understanding of the kinds of forces that were applied to Montmeny's body during the Accident.

According to her curriculum vitae, Dr. Fall is not a specialist in biomechanics or accident reconstruction; she does not have a degree in either specialty; and she has not conducted any research or taken any continuing education related to either specialty. (*See* 40-1.)  In her deposition testimony, Dr. Fall acknowledged that she is not an accident reconstructionist. (ECF No. 35-2 at 16.)  She states that she based her opinions in part upon the "body of evidence" derived from accident reconstructionist literature (*id.* at 18); however, she does not cite a single article to support her opinion (*see generally* ECF No. 35-1, 35-2).

In a recent case, State Farm successfully moved to exclude a physician's opinions regarding the mechanism and cause of injuries to the spine in a motor vehicle accident.  *See Jones v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 3625435 (D. Colo. Apr. 27, 2021).  In *Jones*, one of the plaintiff's retained medical experts, Jeffrey Kleiner, M.D., opined that it was probable that the plaintiff's injuries were caused by a motor vehicle accident, stating that the collision "forced [plaintiff's] back into left lateral bending and counterclockwise rotation while the lap belt and shoulder harness kept him in his seat," and that these motions were the probable cause of the plaintiff's injuries.  *Id.* at *2.  State Farm argued that Dr. Kleiner's opinion about the mechanism of injury were *biomechanical* opinions and that Dr. Kleiner's training as a physician did not make him qualified to offer such opinions.  *Id.*  Specifically, State Farm argued that Dr. Kleiner was unqualified because he did not have a degree in biomechanics, had not done significant research in the field, and had not completed any continuing education in the field.  *Id.*

5

The court granted State Farm's motion to exclude Dr. Kleiner's testimony about the mechanism of injury and probable cause of the plaintiff's injuries in that case.  *Id.* at *6–7.

Now, State Farm takes the opposite position, arguing that Dr. Fall, who is not a biomechanicist and has not done any research in the field, is qualified to opine about whether Montmeny's injuries could have been caused by the rear-end accident that is at issue in this case.  (ECF No. 40 at 3–6.)

The doctrine of judicial estoppel holds that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  The rule is intended to prevent improper use of judicial machinery; it is an equitable doctrine invoked by a court at its discretion.  *Id.*  While the Court does not go so far as to apply this doctrine here, the Court notes its concern with State Farm's abrupt change of position and expects it to take a more consistent approach on this issue in future cases.

Returning to the merits of the Motion, the Court concludes that Dr. Fall is not qualified to opine about the forces applied to the body during a rear-end accident and whether a rear-end accident can cause injuries to the lumbar spine.  Nor is she qualified to opine about whether the forces acting on Montmeny during the Accident could have caused all of the injuries she now claims to have suffered.

This conclusion is based on State Farm's failure to show that Dr. Fall has any education or training in biomechanics, has any experience in biomechanics, or has done any research in the field.  The fact that Dr. Fall is a physician with extensive

6

experience in rehabilitation does not, without more, render her an expert in biomechanics that can offer opinions regarding how an injury occurred.  *See Hauck v. Michelin North America, Inc.*, 343 F. Supp. 2d 976, 983 (D. Colo. 2004) ("[T]o be qualified in one area of a discipline or science does not necessarily demonstrate that the tendered expert is qualified in other areas of the discipline.").  And Dr. Fall's purported reliance on a "body of evidence" derived from accident reconstructionist literature is not sufficient to make her an expert in this area when she specifically acknowledged that she is not an accident reconstructionist and did not cite a single academic paper to support her opinion.  *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (A district court need not allow testimony from an expert who "may have some marginal familiarity with general concepts in the relevant field.").[1]

Thus, the Court grants the Motion as to statements 1–4 and 6–7, identified above.

**B.   Injuries to the Lumbar Facet Joints do not Occur Absent Hyperextension of the Lumbar Spine**

As noted, statement 5 reflects a more general medical opinion that people do not injure their lumbar facet joints absent hyperextension of the lumbar spine.  This opinion, unlike those discussed above, does not depend on an understanding of the forces applied to a body during a motor vehicle accident.  Montmeny argues that this statement is unreliable because it is inconsistent with medical literature that indicates

---

[1] At least one state court has recently come to the same conclusion.  *See* ECF No. 35-3, *Valenzuela v. Ravazzolo*, 2019-cv-31037 (Dist. Ct. Colo. June 17, 2021) (unpublished) (finding Dr. Fall unqualified to opine that the plaintiff's injuries were not proportionate with the mechanism of injury and that the low-speed impact of the accident was inadequate to cause all of the plaintiff's injuries claimed).

hyperextension is not the only way to injure the lumbar facet joints.  (ECF No. 35 at 8–9.)

State Farm asserts that Montmeny mischaracterizes Dr. Fall's opinion.  (ECF No. 40 at 8.)  State Farm argues that she only opined that hyperextension is a mechanism of injury for the lumbar spine, not that it is the sole mechanism of injury of the lumbar spine.  (*Id.*)  Indeed, at numerous points in her deposition testimony, Dr. Fall states that hyperextension is just one of multiple possible causes of an injury to the lumbar facet joints.  (*See, e.g.*, ECF No. 35-2 at 17 (Dr. Fall stating that hyperextension is "a mechanism" of injury to the lumbar facet joints).)

The Court agrees with State Farm.  And since Dr. Fall did not testify that hyperextension of the lumbar spine was the only mechanism of injury to the lumbar facet joints, Montmeny's Motion is denied as moot as to statement 5.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Montmeny's Motion to Preclude Certain Expert Opinions of Allison Fall, M.D. (ECF No. 35) is GRANTED IN PART and DENIED IN PART as follows:

1. The Motion is GRANTED as to statements 1–4 and 6–7;

2. The Motion is DENIED AS MOOT as to statement 5.

Dated this 6th day of June, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge